UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELKINO DAWKINS,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>THE FLAMINGO CASINO,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:14-cv-01770-JAD-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

Plaintiff Elkino Dawkins is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

Plaintiff has submitted an incomplete Application to Proceed In Forma Pauperis. Plaintiff has not responded fully to question 3–namely, he has not indicated whether or not he receives or has received in the last twelve months income from sources other than employment as required in subpart (d). As a result, the court cannot determine whether Plaintiff qualifies to proceed in forma pauperis, and his Application will be denied without prejudice.

In addition, Plaintiff's complaint does not state a claim upon which relief can be granted. Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's complaint does not state a claim. It consists of a single page, the substance of which provides "Violation of My Civil Rights . . . Demand Three Hundred Million (USD)." Plaintiff has not alleged any claim or any facts to support a claim, and the complaint will be dismissed with leave to amend.

If Plaintiff elects to file an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is DENIED WITHOUT PREJUDICE.
2. The Clerk of Court shall mail Plaintiff a blank application to proceed in forma pauperis.
3. Plaintiff shall have until **February 23, 2015,** in which to submit a fully completed application.
4. The Clerk of Court shall retain Plaintiff's complaint.
5. If Plaintiff does not submit a timely application, the court will direct the Clerk to file the complaint and will recommend to the district judge that the complaint be dismissed for failure to state a claim upon which relief can be granted.
6. As indicated in this Order, Plaintiff has not stated a claim upon which relief can be granted. Therefore, Plaintiff shall submit an amended complaint with his completed application to proceed in forma pauperis no later than **February 23, 2015,** if Plaintiff believes he can cure the deficiencies noted in this Order.
7. Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed.

Dated this 22nd day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE